S.D.N.Y.–N.Y.C.
22-cr-32
Cronan, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

           At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-three.

Present:
>Pierre N. Leval,
>Barrington D. Parker,
>William J. Nardini,
>>*Circuit Judges*.

_____

United States of America,

           *Appellee*,

      v.                                     22-1749

Seth Andrew AKA Sealed Defendant 1,

           *Defendant-Appellant*.

_____

The Government moves to dismiss this appeal as barred by the waiver of appellate rights contained in the pro se Appellant's plea agreement. Upon due consideration, it is ORDERED that the motion to dismiss is GRANTED in part and DENIED in part.

In his plea agreement, Appellant waived his right to appeal most components of his sentence if they fell below certain triggering amounts. Appellant was sentenced within the applicable range. To the extent that Appellant sought to challenge his sentence in his pro se brief, we agree with the Government that the valid appeal waiver precludes any such claim, and Appellant has not shown why the waiver should not be enforced. *See United States v. Gomez-Perez*, 215 F.3d 315, 318–19 (2d Cir. 2000). Any challenge to Appellant's custodial sentence would also be moot because Appellant has been released from prison. Accordingly, having liberally construed Appellant's pro se brief to raise a sentencing challenge, we DISMISS that challenge as moot in part and barred by the valid appeal waiver in part.

It is further ORDERED that the motion is GRANTED with respect to Appellant's challenge to the allegedly belated disclosure of material under *Brady v. Maryland*, 373 U.S. 83 (1963). Appellant specifically agreed not to appeal "on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement." The appeal waiver therefore bars Appellant's challenges based on *Brady*, as they do not involve material that would establish factual innocence.

It is further ORDERED that the motion to dismiss is DENIED with respect to Appellant's remaining challenges to his conviction not based on *Brady*, such as his claim that his conviction is defective under *Ciminelli v. United States*, 143 S. Ct. 1121 (2023). Appellant did not waive the right to appeal his conviction beyond the waiver addressed above. *See United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam) ("[I]n the context of claimed waivers of appellate rights[,] plea agreements are to be applied narrowly and construed strictly against the Government." (internal alternations, quotation marks, and citation omitted)). The Government does not separately seek summary affirmance, and we decline to recharacterize the Government's motion. We make no finding as to the merits of Appellant's remaining challenges.

The Government is directed to file a responsive brief within 60 days of the date of entry of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2